**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK ALLEN WILSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEANNE WOODFORD, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:05-CV-00700-OWW-SMS-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION PROCEED AGAINST DEFENDANT MATA FOR RETALIATION, AND ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED<br><br>(Doc. 12) |

I.　Findings and Recommendations Following Screening of Amended Complaint

　　A.　Screening Requirement

　　Plaintiff Jack Allen Wilson ("plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 1, 2005. On February 24, 2006, the court dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983. Plaintiff filed an amended complaint on March 27, 2006.

　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[1] 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

---

[1] Plaintiff was a prisoner at the time he brought this action.

1  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
2  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
3  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).
4          A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
5  which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in
6  support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467
7  U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt
8  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). However, "the liberal pleading
9  standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330
10 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements
11 of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257
12 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).
13      B.    Plaintiff's Claims
14          This action concerns conditions of confinement at the California Substance Abuse Treatment
15 Facility and State Prison-Corcoran, where plaintiff was incarcerated during the relevant time period.
16 Plaintiff names former California Department of Corrections and Rehabilitation Director Jeanne
17 Woodford, Warden Derral Adams, and Does 1-10 as defendants. Plaintiff is seeking money
18 damages.
19          1.    Access to the Courts Claim
20          Plaintiff alleges that his black pen was confiscated on February 28, 2005, and he was
21 harassed by officers, who asked him what happened to his pen, told him that he was not going to get
22 any lawsuits filed, and taunted him regarding unanswered inmate appeals. Plaintiff alleges that
23 defendants Woodford, Adams, and Does 1-10 interfered with his right of access to the courts by
24 depriving him of the necessary tools to draft documents, and of postage for the Attorney General's
25 Office.
26          Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518
27 U.S. 343, 346 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil
28 rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration

or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002). To prevail on his claim, plaintiff must show that he suffered an actual injury by being shut out of court. Id. at 415; Lewis, 518 at 351.

Plaintiff was previously provided with notice that he must have suffered an actual injury in order to pursue a claim for denial of access to the courts, and informed that the allegation he was not provided with ink pens does not state a claim for denial of access to the court. (Order, Doc. 9, 2:27-3:6.) Plaintiff has not alleged any facts that would support the claim that plaintiff suffered an actual injury with respect to pending lawsuits as a results of defendants' actions or inactions. The confiscation of plaintiff's ink pen and the failure to provide a replacement do not demonstrate that plaintiff was denied access to the court. With respect to postage to send mail to the Attorney General's Office and to the Director, plaintiff has not alleged he suffered any actual injury. Further, plaintiff's exhibits do not indicate that he was denied the right to mail out documents, only that he was precluded from sending mail to the Director via indigent status.

In conclusion, the amended complaint is devoid of facts that support a claim under section 1983 for denial of access to the courts. The court recommends that this claim be dismissed, with prejudice.

### 2. Retaliation Claim

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

The Constitution does not serve to shield plaintiff from every inconvenience experienced as a result of his incarceration. Plaintiff's mail to the Attorney General's Office was returned to him

3

on December 22, 2004, because he had insufficient funds to process the mail and had abused indigent status, under which plaintiff was provided with five one-ounce letters per week. (Exhibit A.) This allegation and exhibit do not support a claim that plaintiff was retaliated against in violation of his constitutional rights. The allegation that plaintiff's black ink pen was confiscated during a search conducted on February 28, 2005, and that plaintiff was verbally taunted simply do not rise to the level of adverse actions sufficient to support the existence of a viable retaliation claim. The allegation that plaintiff's inmate appeal was screened out does not support a retaliation claim. Plaintiff's exhibits establish that his appeal was granted at the second level of review and thereafter screened out on the ground that it had been granted and plaintiff had been provided with a pen. Plaintiff was specifically notified that if the pen he had been provided with had subsequently been confiscated, he needed to submit a new appeal. These events provide no basis upon which to impose a First Amendment retaliation claim.

Plaintiff, who uses a wheelchair, next alleges that defendant Mata retaliated against him by repeatedly refusing and/or failing to transport him to Receiving and Release (R&R) to get his legal property. Plaintiff's allegation that defendant Mata stated, "You will never get your lawsuits filed if I can help it," and refused to arrange for plaintiff's transportation to R&R over a period of time is sufficient to support a retaliation claim. However, this is the only cognizable retaliation claim set froth in the amended complaint and the court shall recommend the dismissal of all other retaliation claims, with prejudice.

          3.    <u>ADA Claim</u>

Finally, plaintiff alleges that defendant Mata intentionally discriminated against him because he uses a wheelchair and on the basis of his disability, he was denied programs, services, and activities via the denial of transportation and black ink pens.

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." <u>Lovell v. Chandler</u>, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to

inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

First, the court is utterly unpersuaded that access to black ink pens and R&R constitute services, programs, or activities. The ADA is intended to remedy intentional discrimination by an entity against disabled individuals, where the disabled individuals were or are excluded from participation in services, programs, or activities. The allegation that because plaintiff's black ink pen was confiscated, his rights under the ADA were violated is frivolous. With respect to access to R&R, denial of access to legal material stored there might under certain circumstances violate an individual's constitutional rights of access to the courts and freedom from retaliation. However, R&R is a storage facility. It is not a service, program, or benefit. The court finds plaintiff's allegation to the contrary to be frivolous.

Second, plaintiff may not impose liability on defendant Mata for violation of the ADA, as individual liability is precluded under the ADA. Roundtree v. Adams, No. 1:01-cv-06502-OWW-LJO, 2005 WL 3284405, *8 (E.D.Cal. Dec. 1, 2005). The court shall recommend that plaintiff's ADA claim against defendant Mata be dismissed, with prejudice.[2]

### 4. Supervisory Liability Claim

Plaintiff names former Director Woodford and Warden Adams as defendants. As set forth in the previous subsections, plaintiff's only cognizable claim is a retaliation claim against defendant Mata. Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a

---

[2] The court notes that plaintiff was precluded from adding any new claims in his amended complaint and was limited to curing the deficiencies in his access to the courts and retaliation claims. Plaintiff was informed that any additional claims would be stricken from the amended complaint. As such, plaintiff's inclusion of a new ADA claim runs directly afoul of the court's order. Because the claim is fatally deficient, the court chooses to recommend it be dismissed with prejudice rather than striking it from the amended complaint. However, plaintiff is warned that if he again disregards the court's directives, he will find himself subject to sanctions.

5

supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts supporting a claim that defendants Woodford and Adams personally participated in the alleged deprivation of his constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black at 646.  Accordingly, plaintiff fails to state a claim upon which relief may be granted against defendants Woodford and Adams under a theory of supervisory liability, and the court shall recommend that they be dismissed from this action.

C.   Conclusion

The court has screened plaintiff's amended complaint and finds that under Rule 8(a) liberal notice pleadings standards, it contains a cognizable claim for relief under section 1983 against defendant Mata for retaliation, based on defendant Mata's repeated refusal/failure to provide plaintiff with access to his legal material in R&R.  However, plaintiff's amended complaints does not contain any other cognizable retaliation claims or any cognizable access to the court claims.  Further, plaintiff's ADA claim, which was added in direct contravention of the court's order, is not cognizable.  Accordingly, the court recommends that these claims be dismissed, with prejudice, for failure to state a claim.

///

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on plaintiff's amended complaint, filed March 27, 2006, against defendant Mata on plaintiff's retaliation claim arising from defendant Mata's repeated refusal/failure to provide plaintiff with access to his legal material in R&R;

2. All other retaliation claims and plaintiff's claims for denial of access to the courts be dismissed from this action, with prejudice, for failure to state a claim upon which relief may be granted;

3. Plaintiff's ADA claim against defendant Mata be dismissed from this action, with prejudice, for failure to state a claim upon which relief may be granted; and

4. All defendants other than Mata be dismissed from this action based on plaintiff's failure to state any claims upon which relief may be granted against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   December 13, 2006**            /s/ Sandra M. Snyder
icido3                                     UNITED STATES MAGISTRATE JUDGE