# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK ALLEN WILSON,<br><br>    Plaintiff,<br><br>    v.<br><br>JEANNE WOODFORD, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:05-cv-00700-LJO-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED<br><br>(Doc. 23)<br><br>OBJECTION DUE WITHIN THIRTY DAYS |

**Findings and Recommendations on Defendant's Motion to Dismiss**

**I.    Procedural History**

Plaintiff Jack Allen Wilson ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint, filed March 27, 2006, against Defendant Mata ("Defendant") on Plaintiff's retaliation claim arising from Defendant's repeated refusal/failure to provide Plaintiff with access to his legal material in R&R. On November 29, 2007, Defendant filed a motion to dismiss for failure to exhaust the available administrative remedies. (Doc. 23.) Plaintiff filed an opposition on December 11, 2007, and Defendant filed a reply on December 19, 2007.[1] (Docs. 24, 25.)

///
///

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on May 22, 2007. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 19.)

## II. Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion. Jones v. Bock, 127 S.Ct. 910, 921 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

## III. Defendant's Motion

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). CDCR also has a

2

1 process which allows inmates with disabilities to request a reasonable modification or
2 accommodation by submitting a CDC Form 1824. Id. at § 3085(a). Inmates may appeal any
3 decision they are dissatisfied with by attaching the 1824 form to a 602 appeal form and submitting
4 it to the second formal level of review. Id. § at 3085(b). In order to satisfy section 1997e(a),
5 California state prisoners are required to use the available process to exhaust their claims prior to
6 filing suit. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at
7 1199-1201.

8   Utilizing the 1824 form, Plaintiff filed appeal log number SATF-A-05-00907 on March 12,
9 2005, requesting transportation to R&R, and that he be free from discrimination on the basis of his
10 disability, which was causing denial of access to the courts. (Doc. 23, Ex. 1.) The appeal was
11 granted at the first level of review, and the memorandum accompanying the appeal response is
12 detailed with respect to Plaintiff's claim that Defendant failed to transport him to R&R. (Id.)
13 Defendant argues that he is entitled to dismissal of the claim against him because Plaintiff failed to
14 pursue the appeal to the second and third levels of review.

15   Plaintiff opposes Defendant's motion on the ground that he submitted the appeal to the
16 second level of review, but never received a response through no fault of his own. (Doc. 24, pg. 14.)
17 Defendant replies that if Plaintiff did not receive a response when he submitted his appeal to the
18 second level, he could have either filed a new appeal complaining of the delay or pursued the appeal
19 issue to the third level of review.

20   The Court rejects Defendant's argument that exhaustion always requires pursuit of an appeal
21 through the Director's Level of review. The governing regulations impose no such requirement, and
22 it is not the law of this Circuit that a Director's Level response is always required to satisfy section
23 1996e(a). Brown v. Valoff, 422 F.3d 926, 935-36 (9th Cir. 2005). Rather, what is required will
24 dependent upon prison officials' response to the appeal. "[E]ntirely pointless exhaustion" is not
25 required. Brown, 422 F.3d at 936. Further, despite Defendant's argument to the contrary, the
26 regulations at issue do not require an inmate to continue pursuit of an appeal to the next level if it
27 receives no response, and there is authority for the proposition that the failure to prison officials to
28 comply with the applicable time constraints constitutes exhaustion. E.g., Kaba v. Stepp, 458 F.3d

678, 684 (7th Cir. 2006) ("Prison officials may not take unfair advantage of the exhaustion requirement, [] and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." (quoting Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006))); Abney v. McGinnis, 380 F.3d 663, 667 (2d 2004) (inability to utilize inmate appeals process due to prison officials' conduct or the failure of prison officials to timely advance appeal may justify failure to exhaust).

However, the Court need not decide exhaustion on the basis of whether Plaintiff could have or should have continued pursuit of his appeal despite the alleged absence of a second level response in light of the more glaring problem with the appeal. In his amended complaint, Plaintiff, who uses a wheelchair, alleges that Defendant retaliated against him by repeatedly refusing and/or failing to transport him to Receiving and Release (R&R) to get his legal property. Plaintiff alleges that Defendant stated, "You will never get your lawsuits filed if I can help it," and refused to arrange for Plaintiff's transportation to R&R over a period of time. These allegations form the basis of Plaintiff's pending retaliation claim. A review of Plaintiff's appeal reveals that Plaintiff complained that he was being denied access to the courts and that he was being discriminated against on the basis of his disability, both claims raised in the amended complaint but dismissed for failure to state a claim. Nowhere in the appeal did Plaintiff assert that Defendant was acting to retaliate against him because he was engaging in litigation.

The appeals process does not require that inmates draft their appeals with the precision of an attorney. Nonetheless, if an inmate is going to file suit on the basis of wrongdoing by a prison official, that inmate must file an appeal which places officials on notice as to the basis of that wrongdoing. The failure to do so deprives officials of any opportunity review and take action on the alleged wrongdoing. In this instance, the appeal did not place officials on notice that Defendant was allegedly acting to retaliated against Plaintiff because Plaintiff was engaged in litigation. Therefore, the appeal does not satisfy section 1997e(a) with respect to Plaintiff's pending retaliation claim, and Defendant is entitled to dismissal of the claim.

///

///

## IV. Conclusion and Recommendation

Plaintiff's claim is one for retaliation against him on the basis of his litigation activities. Plaintiff did not file an appeal placing prison officials on notice that Defendant Mata was retaliating against him because of his litigation. Therefore, the Court HEREBY RECOMMENDS that Defendant's motion to dismiss for failure to exhaust, filed November 29, 2007, be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 1, 2008**                    /s/ Sandra M. Snyder
                                                          UNITED STATES MAGISTRATE JUDGE